1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   AUNDREY LEDELLE LETT,          )   NO. EDCV 12-1874 JFW (SS)
                                    )
12                   Plaintiff,     )
                                    )   **MEMORANDUM AND ORDER DISMISSING**
13            v.                    )
                                    )   **COMPLAINT WITH LEAVE TO AMEND**
14   GOVERNOR EDMUND G. BROWN, et al.,)
                                    )
15                                  )
                     Defendants.    )
16   _____)

17

18        On October 5, 2012, Plaintiff, then a California state prisoner

19   proceeding pro se, filed a Complaint in the above-captioned civil rights

20   action pursuant to 42 U.S.C. § 1983.[1]   For the reasons stated below, the

21   Complaint is dismissed with leave to amend.[2]

22

23

24

25
          [1]  Because the Complaint lacks a proof of service, the Court will
26   deem the Complaint filed on the date in the signature block. See Marsh
     v. Soares, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000).
27
          [2]  Magistrate judges may dismiss a complaint with leave to amend
28   without approval of the district judge. McKeever v. Block, 932 F.2d
     795, 798 (9th Cir. 1991).

1    Congress mandated that district courts perform an initial screening

2  of complaints in civil actions where a prisoner[3] seeks redress from a

3  governmental entity or employee.[4]  28 U.S.C. § 1915A(a).  This Court may

4  dismiss such a complaint, or any portions thereof, before service of

5  process if it concludes that the complaint (1) is frivolous or

6  malicious, (2) fails to state a claim upon which relief can be granted,

7  or (3) seeks monetary relief from a defendant who is immune from such

8  relief.  28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122,

9  1126 & n.7 (9th Cir. 2000) (en banc).

10

11                    **ALLEGATIONS OF THE COMPLAINT**

12

13    Plaintiff sues the following seven defendants in both their

14  individual and official capacities:  (1) Governor Edmund G. Brown; (2)

15

16 _____

17    [3]  Plaintiff states in the Complaint that he was scheduled to be
   released from prison on November 8, 2012. (Complaint at 10).  A search
18  of the Inmate Locator on the California Department of Corrections and
   Rehabilitation ("CDCR") website as of the date of this Order confirms
19  that no inmate with Plaintiff's name or prison identification number is
   presently incarcerated at a CDCR facility.  (See http://inmatelocator.
20  cdcr.ca.gov/search.aspx).  The Court will cite to the Complaint and its
   attached exhibits as though they formed a single consecutively paginated
21  document.

22    [4]  Even though it appears that Plaintiff is not presently
   incarcerated, section 1915A screening is required because Plaintiff was
23  a prisoner at the time he constructively filed this action.  See Page v.
   Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[I]ndividuals who, at the
24  time they seek to file their civil actions, are detained as a result of
   being accused of, convicted of, or sentenced for criminal offenses are
25  'prisoners' within the definition of 42 U.S.C. § 1997e and 28 U.S.C.
   § 1915."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir.
26  2001) ("[T]he need for the district court to screen a complaint in a
   civil action filed by a prisoner, as required by 28 U.S.C. § 1915A,
27  looks to the plaintiff's status when the case is filed.").
28

                                    2

1  California Correctional Institution, Tehachapi, where Plaintiff was

2  incarcerated during the first part of the period relevant to the

3  Complaint ("CCI-Tehachapi"); (3) S. Abdou, M.D., a physician at Avenal

4  State Prison, where Plaintiff was incarcerated during the second part of

5  the period relevant to the Complaint; (4) Warden of Avenal State Prison,

6  (sued as "Doe No. 1"); (5) two unnamed physicians at Avenal State Prison

7  (sued as "Doe Nos. 2 and 3"); and (6) an unnamed nurse at Avenal State

8  Prison (sued as "Doe No. 4") (collectively, "Defendants").  (Complaint

9  at 3-4, 12).

10

11     Plaintiff appears to be attempting to allege three claims:

12  (1) deliberate indifference to serious medical needs; (2) "violation of

13  8th Amendment rights"; and (3) medical negligence.[5]   (Id. at 5).

14

15     [5] Plaintiff previously filed an action in this Court alleging

16  deliberate indifference to serious medical needs that involved the same
    general medical condition at issue in the instant Complaint. (See C.D.

17  Cal. Case No. EDCV 11-1416 JFW (SS), Dkt. No. 3 at 2-14); see also Shaw
    v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (court may take judicial

18  notice of matters of public record); Fed. R. Evid. 201(c).  That action
    was dismissed with prejudice on February 7, 2012 for failure to

19  prosecute and obey Court orders. (C.D. Cal. Case No. EDCV 11-1416, Dkt.

20  Nos. 9-11).  The prior action concerned the treatment that Plaintiff
    received for his nasal problems at West Valley Detention Center and

21  Arrowhead Regional Medical Center between October 8, 2009 and April 5th,
    2011. (Id., Dkt. No. 3 at 4, 11).  The instant Complaint concerns the

22  treatment that Plaintiff received for his nasal problems at CCI-
    Tehachapi and Avenal State Prison for the period between April 5th, 2011

23  and April 29, 2012. (Complaint at 5, 7, 10).

24
    Therefore, even though the instant Complaint challenges the care

25  that Plaintiff received for his continuing nasal problems, because there
    is no overlap between the Defendants or the relevant time periods in the

26  prior and instant actions, the instant action does not appear to be
    barred by the doctrine of res judicata.  See Hydranautics v. FilmTec

27  Corp., 204 F.3d 880, 888 (9th Cir. 2000) ("An action is barred under res

28  judicata where (1) the prior litigation involved the same parties or

1  Plaintiff contends that when he was transferred to CCI-Tehachapi on

2  April 5, 2011, he immediately notified the prison medical staff that he

3  suffered from an ongoing condition, the symptoms of which included

4  constant nasal burning and drainage.  (Id. at 5).  The medical staff

5  prescribed an antibiotic, a nasal spray, and an antihistamine.  (Id.).

6  Plaintiff informed the staff that these medications had proved

7  ineffective in the past and that he had previously been told by doctors

8  at Arrowhead Regional Medical Center that he required an operation.

9  (Id. at 6).  Nonetheless, the medical staff at CCI-Tehachapi refused to

10  contact Arrowhead, perform their own CT scan, or send Plaintiff to an

11  outside medical facility for further treatment.  As a result,

12  Plaintiff's condition worsened.  (Id.).

13

14      Plaintiff was transferred from CCI-Tehachapi to Avenal State Prison

15  on August 3, 2011.  (Id.).  Plaintiff again immediately notified the

16  medical staff of his medical condition.  Plaintiff states that the

17  doctors at Avenal State Prison were "lazy" and continued to prescribe

18  medications that were ineffective simply because they were listed in his

19  medical file.  (Id.).  The medical staff at Avenal State Prison did not

20  perform their own x-rays or CT scan.  (Id. at 10).  As a result,

21  Plaintiff's condition worsened.  (Id.).

22

23      Plaintiff was transferred from Avenal State Prison to Ironwood

24  State Prison on April 29, 2012.  (Id. at 7).  While at Ironwood,

25  Plaintiff eventually obtained a copy of his CT scan from Arrowhead

26  _____

27  their privies, (2) the prior litigation was terminated by a final
    judgment on the merits, and (3) the prior litigation involved the same
28  'claim' or 'cause of action' as the later suit.").

4

1  Regional Medical Center, which he showed to Dr. Lin.  (Id. at 7-8).

2  Dr. Lin confirmed that Plaintiff appeared to suffer from a nasal growth

3  that would have to be surgically removed and prescribed a steroid

4  treatment.  (Id. at 8).  At the conclusion of the steroid treatment,

5  Plaintiff was told by a different doctor that his x-rays were clear,

6  even though Plaintiff had not yet been x-rayed.  (Id.).  After the x-

7  rays were taken, Plaintiff was informed by a nurse that the nasal growth

8  could be a polyp or cyst, which, if it burst and seeped to his brain,

9  could be fatal.  (Id.).  The nurse consulted with Dr. Lin to schedule

10 Plaintiff's next appointment.  (Id.).  Dr. Lin chose to "neglect the

11 possible danger" posed by the nasal growth and scheduled Plaintiff's

12 follow up appointment for October 3, 2012, which was apparently weeks

13 away.  Dr. Lin "was very careless" because he did not personally examine

14 Plaintiff to ensure that there was no risk in waiting until that date

15 for follow up medical care.[6]  (Id. at 9).

16

17    According to Plaintiff, Governor Brown is liable because he is

18 "responsible for all California state prisons and their employees."

19 (Id. at 3).  CCI-Tehachapi is liable because "the institution is

20 responsible for the safety and care of all inmates."  (Id. at 4).  Dr.

21 Abdou is liable because he "neglected to treat [Plaintiff] when he was

22 responsible for the care of [Plaintiff's] medical problems" at Avenal

23 State Prison.  (Id. at 3).  Doe No. 1, the warden at Avenal State

24 Prison, is liable because "the institution is responsible for the safety

25

26    [6] Even though Plaintiff alleges that the medical staff at Ironwood
    State Prison, particularly Dr. Lin, provided inadequate medical care,
27 the Complaint does not name as Defendants any employees of that
    institution or specifically raise any claims involving the treatment
28 Plaintiff received there.

1  and care of all inmates."  (Id. at 4).  Doe No. 2, a doctor at Avenal

2  State Prison, is liable because he "did not perform adequate medical

3  care" [sic].  (Id.).  Doe No. 3, also a doctor at Avenal State Prison,

4  is liable because he was "employed by the State of California to provide

5  adequate medical care."  (Id. at 12).  Finally, Doe No. 4, a nurse at

6  Avenal State Prison, is liable because she was "employed by [the]

7  Department of Correction for the State of California to give adequate

8  medical care."  (Id.).

9

10  Plaintiff seeks compensatory damages of "3,000,000 against each

11  Defendant, jointly and severally," punitive damages of "$75,000.00

12  against each Defendant," and a declaration that Defendants' acts and

13  omissions violated Plaintiff's constitutional rights.  (Id. at 14).

14

15  **DISCUSSION**

16

17  Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint

18  due to defects in pleading.  Pro se litigants in civil rights cases,

19  however, must be given leave to amend their complaints unless it is

20  absolutely clear that the deficiencies cannot be cured by amendment.

21  Lopez, 203 F.3d at 1127-29.  Accordingly, the Court grants Plaintiff

22  leave to amend, as indicated below.

23

24  **A.    The Claims Against CCI-Tehachapi And The Individual Defendants In**

25      **Their Official Capacities Are Defective**

26

27  Plaintiff sues all Defendants in both their individual and official

28  capacities.  (Complaint at 3-4, 12).  Plaintiff seeks compensatory and

1   punitive damages from each Defendant, as well as a declaration that the

2   medical care he received violated the Constitution.   (Id. at 14).

3   Plaintiff is not seeking injunctive relief.   (Id. at 14).

4

5       Section 1983 provides a cause of action against any "person" who,

6   under  color  of  state  law,  deprives  an  individual  of  federal

7   constitutional rights or limited federal statutory rights.   42 U.S.C.

8   § 1983.   The Supreme Court has held that a state and its agencies are

9   not "persons" under section 1983.   See Will v. Michigan Department of

10  State Police, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

11  Therefore, pursuant to the Eleventh Amendment, a state and its official

12  arms are immune from suit under section 1983.   Howlett v. Rose, 496 U.S.

13  356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990); see also Dittman v.

14  California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of

15  a waiver by the state or a valid congressional override, under the

16  eleventh amendment, agencies of the state are immune from private damage

17  actions or suits for injunctive relief brought in federal court.").

18

19      In addition, as the Ninth Circuit has explained, "'a suit against

20  a state official in his or her official capacity . . . is no different

21  from a suit against the State itself.' . . .   Therefore, state officials

22  sued in their official capacities . . . are not 'persons' within the

23  meaning of § 1983 and are therefore generally entitled to Eleventh

24  Amendment immunity."   Flint v. Dennison, 488 F.3d 816, 824–25 (9th Cir.

25  2007) (quoting Will, 491 U.S. at 71); see also Snow v. McDaniel, 681

26  F.3d 978, 991 (9th Cir. 2012) ("[F]ederal courts are barred by the

27  Eleventh Amendment from awarding damages against state officials acting

28  in their official capacities.").   However, the Ninth Circuit has further

1   explained that there is one "vital exception" to the general rule of

2   immunity under section 1983:  "When sued for prospective injunctive

3   relief, a state official in his official capacity is considered a

4   'person' for § 1983 purposes." Flint, 488 F.3d at 825; see also Will,

5   491 U.S. at 71 ("Of course a state official in his or her official

6   capacity, when sued for injunctive relief, would be a person under

7   § 1983 because official-capacity actions for prospective relief are not

8   treated as actions against the State.") (internal quotation marks

9   omitted).  Therefore, the Eleventh Amendment does not bar a claim for

10  prospective injunctive relief brought against state officials in their

11  official capacity.  See Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105

12  S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

13

14      "California has not waived its Eleventh Amendment immunity with

15  respect to claims brought under § 1983 in federal court." Brown v.

16  California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009).

17  Therefore, CCI-Tehachapi, as an agency of the State of California,

18  cannot be sued under Section 1983.  See id. (California Department of

19  Corrections entitled to Eleventh Amendment immunity in civil rights

20  action brought by former prisoner).  Accordingly, Plaintiff's claims

21  against CCI-Tehachapi are improper and must be dismissed.

22

23      Plaintiff's official capacity claims against Dr. Abdou and Doe Nos.

24  1-4, all of whom are employees of Avenal State Prison, are the

25  equivalent of suit against Avenal State Prison, an agency of the state

26  of California. See Gomez v. Vernon, 255 F.3d 1118, 1126 (9th Cir. 2001)

27  ("[A] suit . . . against a governmental officer in his official capacity

28  is equivalent to a suit against the governmental entity itself.").

8

1   Plaintiff's claims against Governor Brown in his official capacity are

2   the equivalent of suit against the State of California.   Therefore,

3   private damages actions and suits for retrospective injunctive relief

4   against these Defendants in their official capacity are prohibited by

5   the Eleventh Amendment.   Dittman, 191 F.3d at 1025-26.

6

7        While the Eleventh Amendment would not bar a claim for prospective

8   injunctive relief against the individual Defendants in their official

9   capacity, Plaintiff does not seek any such relief.   (Complaint at 14).

10   Indeed, as a former prisoner, Plaintiff likely lacks standing to bring

11   suit for prospective injunctive relief relating to medical care at CCI-

12   Tehachapi, Avenal State Prison, or any other state prison.   "To have

13   standing to assert a claim for prospective injunctive relief, a

14   plaintiff must demonstrate 'that he is realistically threatened by a

15   repetition of [the violation].'"   Melendres v. Arpaio, 695 F.3d 990, 997

16   (9th Cir. 2012) (brackets in original) (quoting City of Los Angeles v.

17   Lyons, 461 U.S. 95, 109, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)).   As

18   a former prisoner, Plaintiff cannot establish that he is presently at

19   imminent risk of receiving inadequate medical care at CCI-Tehachapi or

20   Avenal State Prison.   See Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir.

21   1981) (former jail inmate lacked standing to seek injunctive relief

22   against county jail officials following transfer to state prison because

23   he was no longer subject to the alleged conditions he was attempting to

24   challenge); Clarke v. Lane, 267 F.R.D. 180, 190 (E.D. Pa. 2010) (former

25   prisoners suing over inadequate medical care received while in custody

26   lacked standing to seek declaratory or injunctive relief).   Accordingly,

27   Plaintiff's claims against the individual Defendants in their official

28   capacities are also improper and must be dismissed.

1  **B.    Plaintiff's Individual Capacity Claims Against Governor Brown And**

2         **The Warden Of Avenal State Prison ("Doe No. 1") Fail To State A**

3         **Claim Because There Is No Supervisory Liability Under Section 1983**

4

5         In addition to his official capacity claims, Plaintiff also sues

6  Governor Brown and the Warden of Avenal State Prison ("Doe No. 1") in

7  their individual capacities as the ultimate supervisors of all state

8  employees and Avenal State Prison employees, respectively.  (Complaint

9  at 3).   However, government officials may not be held liable for the

10 unconstitutional conduct of their subordinates merely because they are

11 supervisors of the individuals who allegedly caused the plaintiff

12 harm.  See Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1948,

13 173 L. Ed. 2d 868 (2009).  Rather, "each Government official, his or her

14 title notwithstanding, is only liable for his or her own misconduct."

15 Id.

16

17        "A defendant may be held liable as a supervisor under § 1983 'if

18 there exists either (1) his or her personal involvement in the

19 constitutional deprivation, or (2) a sufficient causal connection

20 between the supervisor's wrongful conduct and the constitutional

21 violation.'"   Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)

22 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).   The

23 requisite causal connection may be established by the supervisor's "own

24 culpable action or inaction in the training, supervision, or control of

25 his subordinates; . . . his acquiescence in the constitutional

26 deprivation; or . . . conduct that showed a reckless or callous

27 indifference to the rights of others."  Starr, 652 F.3d at 1208 (quoting

28 Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998))

10

1   (plaintiff's allegations establishing sheriff's actual knowledge of

2   unconstitutional conditions of confinement and the unconstitutional

3   actions of his subordinates, and his deliberate inaction, sufficiently

4   alleged supervisor's personal involvement in civil rights violation);

5   but see May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980) (prison

6   director not responsible for neglect or delay of prisoner's medical care

7   "in the absence of his direction or participation therein"); Samonte v.

8   Bauman, 264 Fed. Appx. 634, 636 (9th Cir. 2008) (plaintiff failed to

9   state claim for deliberate indifference against governor where plaintiff

10  alleged only that he wrote letters to the governor complaining about his

11  prison medical care but received no reply).

12

13      Here, the Complaint lacks any specific allegations showing that the

14  Governor or the Warden had any direct or causal connection to the

15  alleged constitutional violations, or even that they were aware of them.

16  Instead, Plaintiff merely alleges that the "Governor is responsible for

17  all California State Prisons and their employees" and that the Warden is

18  the head of an institution that "is responsible for the safety and care

19  of all inmates' both physical and mental medical care."  (Id.).   To

20  state a cause of action, Plaintiff must allege specific facts showing

21  what the Governor and Warden personally did or did not do, when and

22  where, and how their actions or inaction directly caused a violation of

23  Plaintiff's civil rights.  Accordingly, the claims against the Governor

24  and the Warden are dismissed, with leave to amend.  If Plaintiff lacks

25  such facts involving these supervisory Defendants, they should not be

26  named in any future amended complaint.

27

28

11

**C.    Plaintiff's Individual Capacity Claims Against Dr. Abdou and Doe Nos. 2-4 Fail To Show Their Personal Involvement In Any Alleged Violation**

The gravamen of Plaintiff's Complaint consists of allegations of inadequate medical care.  To assert a claim under section 1983 "based on prison medical treatment, an inmate must show [that the defendant acted with] deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted).  An "inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983."  Id. (internal brackets and quotation marks omitted).  Rather, the defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be established."  May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted).  "[I]solated occurrences of neglect do not amount to a constitutional violation" under section 1983.  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Here, Plaintiff fails to make any specific allegations in the body of the Complaint involving Dr. Abdou or Doe Nos. 2-4, two physicians and a nurse at Avenal State Prison.  To state a claim, Plaintiff must allege facts showing that each of these Defendants individually knew of Plaintiff's serious medical condition and purposefully disregarded it through either their specific individual actions or inaction, which resulted in harm to Plaintiff.  See Iqbal, 556 U.S. at 677.  General allegations that Plaintiff informed "Avenal" that the medications he was prescribed were ineffective and that "Avenal" neglected to provide

12

1  adequate medical care do not suffice to put each individual Defendant on

2  notice of what, specifically, he or she did or did not do to violate

3  Plaintiff's constitutional rights.  (See Complaint at 7).  Accordingly,

4  the claims against Dr. Abdou and Doe Nos. 2-4 are dismissed, with leave

5  to amend.

6

7  **D.    Plaintiff May Conduct Discovery To Identify The Full Names Of The**

8  **       Unnamed Doe Defendants**

9

10  Generally, actions against "unknown" defendants are disfavored.

11  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  A plaintiff

12  may sue unnamed defendants when the identity of the alleged defendants

13  is not known prior to the filing of the complaint.  Gillespie v.

14  Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  In such a situation, a

15  court gives the plaintiff "the opportunity through discovery to identify

16  the unknown defendants, unless it is clear that discovery would not

17  uncover the identities, or that the complaint would be dismissed on

18  other grounds."  Id.  A plaintiff must diligently pursue discovery to

19  learn the identity of unnamed defendants.

20

21  The Complaint purports to assert claims against Doe No. 1,

22  identified as the Warden of Avenal State Prison during the period in

23  which Plaintiff was incarcerated at that institution, and Doe Nos. 2-4,

24  identified simply as two physicians and a nurse at Avenal State Prison.

25  (Complaint at 4, 12).  This is clearly insufficient information to give

26  notice to Defendants and for the Complaint to be served.  Accordingly,

27  if Plaintiff does not know the names of the Doe Defendants but can

28  describe them with sufficient particularity to enable their

13

1    identification, Plaintiff may submit written questions to the Avenal

2    State Prison Legal Department to learn the names of these unknown

3    Defendants. Plaintiff must limit the scope of any discovery request to

4    only the full names of the four Doe Defendants, identified in the

5    Complaint as the Warden, two physicians, and a nurse at Avenal State

6    Prison.

7

8    **E.    Plaintiff's State Law Negligence Claim For Medical Malpractice, If**

9    **Any, Must Be Dismissed Because Plaintiff Has Not Alleged Exhaustion**

10   **Under the CTCA**

11

12   Plaintiff states that his third cause of action is for "negligent

13   medical treatment based on not giving proper medical attention to the

14   condition." (Complaint at 7). Although the Complaint is unclear,

15   Plaintiff may be attempting to allege a pendent state law negligence

16   claim for medical malpractice. Negligence, unlike a constitutionally

17   cognizable claim for deliberate indifference, is not actionable under

18   section 1983 because deliberate indifference "'entails something more

19   than mere negligence.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th

20   Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct.

21   1970, 128 L. Ed. 2d 811 (1994)); see also Wood v. Housewright, 900 F.2d

22   1332, 1334 (9th Cir. 1990) ("[M]ere malpractice, or even gross

23   negligence," in the provision of medical care does not establish a

24   federal constitutional violation). Therefore, to the extent that

25   Plaintiff wishes to assert a negligence claim for medical malpractice,

26   it would appear to arise under state law.

27

28

14

1    However, Plaintiff fails to assert or demonstrate compliance with

2 the claims presentation requirement of the California Tort Claims Act

3 ("CTCA"), which requires the "timely presentation of a written claim and

4 the rejection of the claim in whole or in part." Mabe v. San Bernardino

5 County, Dept. of Public Social Services, 237 F.3d 1101, 1111 (9th Cir.

6 2001) (citations omitted); see also Cal. Govt Code §§ 910 et seq.  To

7 proceed in this Court on any pendent state law negligence claim for

8 medical malpractice, Plaintiff must allege or demonstrate compliance

9 with the CTCA's claim presentation requirement.  Mangold v. Cal. Pub.

10 Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("Where compliance

11 with the [California] Tort Claims Act is required, the plaintiff must

12 allege compliance or circumstances excusing compliance, or the complaint

13 is subject to general demurrer.") (internal quotation marks omitted);

14 State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239, 13 Cal. Rptr.

15 3d 534 (2004) (failure to "allege facts demonstrating or excusing

16 compliance with the claim presentation requirement [of the CTCA]

17 subjects a claim . . . to a demurrer for failure to state a cause of

18 action").  Accordingly, any purported negligence claim for medical

19 malpractice must be dismissed, with leave to amend.

20

21 **F.    The Complaint Fails To Satisfy The Notice Requirements Of Rule 8**

22

23    Federal Rule of Civil Procedure 8(a)(2) requires that a complaint

24 contain "'a short and plain statement of the claim showing that the

25 pleader is entitled to relief,' in order to 'give the defendant fair

26 notice of what the . . . claim is and the grounds upon which it rests.'"

27 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167

28 L. Ed. 2d 929 (2007).  Rule 8(e)(1) instructs that "[e]ach averment of

1   a pleading shall be simple, concise, and direct." A complaint violates

2   Rule 8 if a defendant would have difficulty understanding and responding

3   to the complaint. <u>United States ex rel. Cafasso v. Gen. Dynamics C4</u>

4   <u>Sys., Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011).

5

6       Plaintiff's Complaint does not comply with the standards of Rule 8.

7   Plaintiff's vague claims fail to clearly identify the nature of his

8   claim or claims, the specific incidents giving rise to each individual

9   claim, and the specific Defendant (or Defendants) Plaintiff believes are

10   liable for each of those claims. The Complaint therefore fails to

11   provide Defendants with fair notice of the claims in a short, clear and

12   concise statement. <u>See</u> <u>Twombly</u>, 550 U.S. at 555. Accordingly, the

13   Complaint is dismissed, with leave to amend.

14

15                                **CONCLUSION**

16

17       If Plaintiff still wishes to pursue this action, he is granted

18   fourteen (14) days from the date of this Memorandum and Order within

19   which to file a First Amended Complaint, curing the defects in the

20   Complaint described above. A First Amended Complaint, if any, shall be

21   complete in itself and shall bear both the designation "First Amended

22   Complaint" and the case number assigned to this action. It shall not

23   refer in any manner to any previously filed complaint. The caption of

24   any First Amended Complaint must identify all parties that Plaintiff is

25   suing. Each page of the First Amended Complaint, including exhibits,

26   must be consecutively numbered.

27

28

1    In any amended complaint, Plaintiff should confine his allegations

2  only to those operative facts supporting each of his claims.  Plaintiff

3  is advised that pursuant to Federal Rule of Civil Procedure 8(a), all

4  that is required is a "short and plain statement of the claim showing

5  that the pleader is entitled to relief."  **Plaintiff is strongly**

6  **encouraged to utilize the standard civil rights complaint form when**

7  **filing any amended complaint, a copy of which is attached**.

8

9    **Plaintiff is explicitly cautioned that failure to timely file a**

10  **First Amended Complaint, or failure to correct the deficiencies**

11  **described above, will result in a recommendation that this action be**

12  **dismissed with prejudice for failure to prosecute and obey Court orders**

13  **pursuant to Federal Rule of Civil Procedure 41(b)**.  Plaintiff is further

14  advised that, if he does not wish to pursue this action, he may

15  voluntarily dismiss it by filing a notice of dismissal in accordance

16  with Federal Rule of Civil Procedure 41(a)(1).  **A sample notice is**

17  **attached to this order as well.**

18

19    The Clerk of the Court is directed to serve a copy of this Order on

20  Plaintiff at his current address of record and on the Legal Department

21  at Avenal State Prison.

22

23  DATED: January 15, 2013

24                                    /S/
                                    _____
25                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE
26

27

28

17