**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUNDREY LEDELLE LETT,<br><br>        Plaintiff,<br><br>    v.<br><br>GOVERNOR EDMUND G. BROWN, et al.,<br><br>        Defendants. | NO. EDCV 12-1874 JFW (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br><br>**COMPLAINT WITH LEAVE TO AMEND** |

On October 5, 2012, Plaintiff, then a California state prisoner proceeding pro se, filed a Complaint in the above-captioned civil rights action pursuant to 42 U.S.C. § 1983.[1] For the reasons stated below, the Complaint is dismissed with leave to amend.[2]

---

[1] Because the Complaint lacks a proof of service, the Court will deem the Complaint filed on the date in the signature block. See Marsh v. Soares, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000).

[2] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Congress mandated that district courts perform an initial screening of complaints in civil actions where a prisoner[3] seeks redress from a governmental entity or employee.[4] 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following seven defendants in both their individual and official capacities: (1) Governor Edmund G. Brown; (2)

---

[3] Plaintiff states in the Complaint that he was scheduled to be released from prison on November 8, 2012. (Complaint at 10). A search of the Inmate Locator on the California Department of Corrections and Rehabilitation ("CDCR") website as of the date of this Order confirms that no inmate with Plaintiff's name or prison identification number is presently incarcerated at a CDCR facility. (See http://inmatelocator.cdcr.ca.gov/search.aspx). The Court will cite to the Complaint and its attached exhibits as though they formed a single consecutively paginated document.

[4] Even though it appears that Plaintiff is not presently incarcerated, section 1915A screening is required because Plaintiff was a prisoner at the time he constructively filed this action. See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[I]ndividuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997e and 28 U.S.C. § 1915."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) ("[T]he need for the district court to screen a complaint in a civil action filed by a prisoner, as required by 28 U.S.C. § 1915A, looks to the plaintiff's status when the case is filed.").

California Correctional Institution, Tehachapi, where Plaintiff was incarcerated during the first part of the period relevant to the Complaint ("CCI-Tehachapi"); (3) S. Abdou, M.D., a physician at Avenal State Prison, where Plaintiff was incarcerated during the second part of the period relevant to the Complaint; (4) Warden of Avenal State Prison, (sued as "Doe No. 1"); (5) two unnamed physicians at Avenal State Prison (sued as "Doe Nos. 2 and 3"); and (6) an unnamed nurse at Avenal State Prison (sued as "Doe No. 4") (collectively, "Defendants"). (Complaint at 3-4, 12).

Plaintiff appears to be attempting to allege three claims: (1) deliberate indifference to serious medical needs; (2) "violation of 8th Amendment rights"; and (3) medical negligence.[5] (Id. at 5).

---

[5] Plaintiff previously filed an action in this Court alleging deliberate indifference to serious medical needs that involved the same general medical condition at issue in the instant Complaint. (See C.D. Cal. Case No. EDCV 11-1416 JFW (SS), Dkt. No. 3 at 2-14); see also Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (court may take judicial notice of matters of public record); Fed. R. Evid. 201(c). That action was dismissed with prejudice on February 7, 2012 for failure to prosecute and obey Court orders. (C.D. Cal. Case No. EDCV 11-1416, Dkt. Nos. 9-11). The prior action concerned the treatment that Plaintiff received for his nasal problems at West Valley Detention Center and Arrowhead Regional Medical Center between October 8, 2009 and April 5th, 2011. (Id., Dkt. No. 3 at 4, 11). The instant Complaint concerns the treatment that Plaintiff received for his nasal problems at CCI-Tehachapi and Avenal State Prison for the period between April 5th, 2011 and April 29, 2012. (Complaint at 5, 7, 10).

Therefore, even though the instant Complaint challenges the care that Plaintiff received for his continuing nasal problems, because there is no overlap between the Defendants or the relevant time periods in the prior and instant actions, the instant action does not appear to be barred by the doctrine of res judicata. See Hydranautics v. FilmTec Corp., 204 F.3d 880, 888 (9th Cir. 2000) ("An action is barred under res judicata where (1) the prior litigation involved the same parties or

Plaintiff contends that when he was transferred to CCI-Tehachapi on April 5, 2011, he immediately notified the prison medical staff that he suffered from an ongoing condition, the symptoms of which included constant nasal burning and drainage. (Id. at 5). The medical staff prescribed an antibiotic, a nasal spray, and an antihistamine. (Id.). Plaintiff informed the staff that these medications had proved ineffective in the past and that he had previously been told by doctors at Arrowhead Regional Medical Center that he required an operation. (Id. at 6). Nonetheless, the medical staff at CCI-Tehachapi refused to contact Arrowhead, perform their own CT scan, or send Plaintiff to an outside medical facility for further treatment. As a result, Plaintiff's condition worsened. (Id.).

Plaintiff was transferred from CCI-Tehachapi to Avenal State Prison on August 3, 2011. (Id.). Plaintiff again immediately notified the medical staff of his medical condition. Plaintiff states that the doctors at Avenal State Prison were "lazy" and continued to prescribe medications that were ineffective simply because they were listed in his medical file. (Id.). The medical staff at Avenal State Prison did not perform their own x-rays or CT scan. (Id. at 10). As a result, Plaintiff's condition worsened. (Id.).

Plaintiff was transferred from Avenal State Prison to Ironwood State Prison on April 29, 2012. (Id. at 7). While at Ironwood, Plaintiff eventually obtained a copy of his CT scan from Arrowhead

---

their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same 'claim' or 'cause of action' as the later suit.").

Regional Medical Center, which he showed to Dr. Lin. (Id. at 7-8). Dr. Lin confirmed that Plaintiff appeared to suffer from a nasal growth that would have to be surgically removed and prescribed a steroid treatment. (Id. at 8). At the conclusion of the steroid treatment, Plaintiff was told by a different doctor that his x-rays were clear, even though Plaintiff had not yet been x-rayed. (Id.). After the x-rays were taken, Plaintiff was informed by a nurse that the nasal growth could be a polyp or cyst, which, if it burst and seeped to his brain, could be fatal. (Id.). The nurse consulted with Dr. Lin to schedule Plaintiff's next appointment. (Id.). Dr. Lin chose to "neglect the possible danger" posed by the nasal growth and scheduled Plaintiff's follow up appointment for October 3, 2012, which was apparently weeks away. Dr. Lin "was very careless" because he did not personally examine Plaintiff to ensure that there was no risk in waiting until that date for follow up medical care.[6] (Id. at 9).

According to Plaintiff, Governor Brown is liable because he is "responsible for all California state prisons and their employees." (Id. at 3). CCI-Tehachapi is liable because "the institution is responsible for the safety and care of all inmates." (Id. at 4). Dr. Abdou is liable because he "neglected to treat [Plaintiff] when he was responsible for the care of [Plaintiff's] medical problems" at Avenal State Prison. (Id. at 3). Doe No. 1, the warden at Avenal State Prison, is liable because "the institution is responsible for the safety

---

[6] Even though Plaintiff alleges that the medical staff at Ironwood State Prison, particularly Dr. Lin, provided inadequate medical care, the Complaint does not name as Defendants any employees of that institution or specifically raise any claims involving the treatment Plaintiff received there.

5

and care of all inmates." (Id. at 4). Doe No. 2, a doctor at Avenal State Prison, is liable because he "did not perform adequate medical care" [sic]. (Id.). Doe No. 3, also a doctor at Avenal State Prison, is liable because he was "employed by the State of California to provide adequate medical care." (Id. at 12). Finally, Doe No. 4, a nurse at Avenal State Prison, is liable because she was "employed by [the] Department of Correction for the State of California to give adequate medical care." (Id.).

Plaintiff seeks compensatory damages of "3,000,000 against each Defendant, jointly and severally," punitive damages of "$75,000.00 against each Defendant," and a declaration that Defendants' acts and omissions violated Plaintiff's constitutional rights. (Id. at 14).

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.    The Claims Against CCI-Tehachapi And The Individual Defendants In Their Official Capacities Are Defective**

Plaintiff sues all Defendants in both their individual and official capacities. (Complaint at 3-4, 12). Plaintiff seeks compensatory and

6

punitive damages from each Defendant, as well as a declaration that the medical care he received violated the Constitution. (Id. at 14). Plaintiff is not seeking injunctive relief. (Id. at 14).

Section 1983 provides a cause of action against any "person" who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983. The Supreme Court has held that a state and its agencies are not "persons" under section 1983. See Will v. Michigan Department of State Police, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Therefore, pursuant to the Eleventh Amendment, a state and its official arms are immune from suit under section 1983. Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990); see also Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.").

In addition, as the Ninth Circuit has explained, "'a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself.' . . . Therefore, state officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity." Flint v. Dennison, 488 F.3d 816, 824–25 (9th Cir. 2007) (quoting Will, 491 U.S. at 71); see also Snow v. McDaniel, 681 F.3d 978, 991 (9th Cir. 2012) ("[F]ederal courts are barred by the Eleventh Amendment from awarding damages against state officials acting in their official capacities."). However, the Ninth Circuit has further

explained that there is one "vital exception" to the general rule of immunity under section 1983: "When sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes." Flint, 488 F.3d at 825; see also Will, 491 U.S. at 71 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks omitted). Therefore, the Eleventh Amendment does not bar a claim for prospective injunctive relief brought against state officials in their official capacity. See Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

"California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009). Therefore, CCI-Tehachapi, as an agency of the State of California, cannot be sued under Section 1983. See id. (California Department of Corrections entitled to Eleventh Amendment immunity in civil rights action brought by former prisoner). Accordingly, Plaintiff's claims against CCI-Tehachapi are improper and must be dismissed.

Plaintiff's official capacity claims against Dr. Abdou and Doe Nos. 1-4, all of whom are employees of Avenal State Prison, are the equivalent of suit against Avenal State Prison, an agency of the state of California. See Gomez v. Vernon, 255 F.3d 1118, 1126 (9th Cir. 2001) ("[A] suit . . . against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.").

8

Plaintiff's claims against Governor Brown in his official capacity are the equivalent of suit against the State of California. Therefore, private damages actions and suits for retrospective injunctive relief against these Defendants in their official capacity are prohibited by the Eleventh Amendment. Dittman, 191 F.3d at 1025-26.

While the Eleventh Amendment would not bar a claim for prospective injunctive relief against the individual Defendants in their official capacity, Plaintiff does not seek any such relief. (Complaint at 14). Indeed, as a former prisoner, Plaintiff likely lacks standing to bring suit for prospective injunctive relief relating to medical care at CCI-Tehachapi, Avenal State Prison, or any other state prison. "To have standing to assert a claim for prospective injunctive relief, a plaintiff must demonstrate 'that he is realistically threatened by a repetition of [the violation].'" Melendres v. Arpaio, 695 F.3d 990, 997 (9th Cir. 2012) (brackets in original) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). As a former prisoner, Plaintiff cannot establish that he is presently at imminent risk of receiving inadequate medical care at CCI-Tehachapi or Avenal State Prison. See Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) (former jail inmate lacked standing to seek injunctive relief against county jail officials following transfer to state prison because he was no longer subject to the alleged conditions he was attempting to challenge); Clarke v. Lane, 267 F.R.D. 180, 190 (E.D. Pa. 2010) (former prisoners suing over inadequate medical care received while in custody lacked standing to seek declaratory or injunctive relief). Accordingly, Plaintiff's claims against the individual Defendants in their official capacities are also improper and must be dismissed.

**B.    Plaintiff's Individual Capacity Claims Against Governor Brown And The Warden Of Avenal State Prison ("Doe No. 1") Fail To State A Claim Because There Is No Supervisory Liability Under Section 1983**

In addition to his official capacity claims, Plaintiff also sues Governor Brown and the Warden of Avenal State Prison ("Doe No. 1") in their individual capacities as the ultimate supervisors of all state employees and Avenal State Prison employees, respectively. (Complaint at 3). However, government officials may not be held liable for the unconstitutional conduct of their subordinates merely because they are supervisors of the individuals who allegedly caused the plaintiff harm. See Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Rather, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

"A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). The requisite causal connection may be established by the supervisor's "own culpable action or inaction in the training, supervision, or control of his subordinates; . . . his acquiescence in the constitutional deprivation; or . . . conduct that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1208 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998))

(plaintiff's allegations establishing sheriff's actual knowledge of unconstitutional conditions of confinement and the unconstitutional actions of his subordinates, and his deliberate inaction, sufficiently alleged supervisor's personal involvement in civil rights violation); but see May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980) (prison director not responsible for neglect or delay of prisoner's medical care "in the absence of his direction or participation therein"); Samonte v. Bauman, 264 Fed. Appx. 634, 636 (9th Cir. 2008) (plaintiff failed to state claim for deliberate indifference against governor where plaintiff alleged only that he wrote letters to the governor complaining about his prison medical care but received no reply).

Here, the Complaint lacks any specific allegations showing that the Governor or the Warden had any direct or causal connection to the alleged constitutional violations, or even that they were aware of them. Instead, Plaintiff merely alleges that the "Governor is responsible for all California State Prisons and their employees" and that the Warden is the head of an institution that "is responsible for the safety and care of all inmates' both physical and mental medical care." (Id.). To state a cause of action, Plaintiff must allege specific facts showing what the Governor and Warden personally did or did not do, when and where, and how their actions or inaction directly caused a violation of Plaintiff's civil rights. Accordingly, the claims against the Governor and the Warden are dismissed, with leave to amend. If Plaintiff lacks such facts involving these supervisory Defendants, they should not be named in any future amended complaint.

**C.   Plaintiff's Individual Capacity Claims Against Dr. Abdou and Doe Nos. 2-4 Fail To Show Their Personal Involvement In Any Alleged Violation**

The gravamen of Plaintiff's Complaint consists of allegations of inadequate medical care. To assert a claim under section 1983 "based on prison medical treatment, an inmate must show [that the defendant acted with] deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). An "inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983." Id. (internal brackets and quotation marks omitted). Rather, the defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be established." May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted). "[I]solated occurrences of neglect do not amount to a constitutional violation" under section 1983. O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Here, Plaintiff fails to make any specific allegations in the body of the Complaint involving Dr. Abdou or Doe Nos. 2-4, two physicians and a nurse at Avenal State Prison. To state a claim, Plaintiff must allege facts showing that each of these Defendants individually knew of Plaintiff's serious medical condition and purposefully disregarded it through either their specific individual actions or inaction, which resulted in harm to Plaintiff. See Iqbal, 556 U.S. at 677. General allegations that Plaintiff informed "Avenal" that the medications he was prescribed were ineffective and that "Avenal" neglected to provide

adequate medical care do not suffice to put each individual Defendant on notice of what, specifically, he or she did or did not do to violate Plaintiff's constitutional rights. (See Complaint at 7). Accordingly, the claims against Dr. Abdou and Doe Nos. 2-4 are dismissed, with leave to amend.

D.  **Plaintiff May Conduct Discovery To Identify The Full Names Of The Unnamed Doe Defendants**

Generally, actions against "unknown" defendants are disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). A plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known prior to the filing of the complaint. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). In such a situation, a court gives the plaintiff "the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id. A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

The Complaint purports to assert claims against Doe No. 1, identified as the Warden of Avenal State Prison during the period in which Plaintiff was incarcerated at that institution, and Doe Nos. 2-4, identified simply as two physicians and a nurse at Avenal State Prison. (Complaint at 4, 12). This is clearly insufficient information to give notice to Defendants and for the Complaint to be served. Accordingly, if Plaintiff does not know the names of the Doe Defendants but can describe them with sufficient particularity to enable their

identification, Plaintiff may submit written questions to the Avenal State Prison Legal Department to learn the names of these unknown Defendants. Plaintiff must limit the scope of any discovery request to only the full names of the four Doe Defendants, identified in the Complaint as the Warden, two physicians, and a nurse at Avenal State Prison.

### E. **Plaintiff's State Law Negligence Claim For Medical Malpractice, If Any, Must Be Dismissed Because Plaintiff Has Not Alleged Exhaustion Under the CTCA**

Plaintiff states that his third cause of action is for "negligent medical treatment based on not giving proper medical attention to the condition." (Complaint at 7). Although the Complaint is unclear, Plaintiff may be attempting to allege a pendent state law negligence claim for medical malpractice. Negligence, unlike a constitutionally cognizable claim for deliberate indifference, is not actionable under section 1983 because deliberate indifference "'entails something more than mere negligence.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("[M]ere malpractice, or even gross negligence," in the provision of medical care does not establish a federal constitutional violation). Therefore, to the extent that Plaintiff wishes to assert a negligence claim for medical malpractice, it would appear to arise under state law.

However, Plaintiff fails to assert or demonstrate compliance with the claims presentation requirement of the California Tort Claims Act ("CTCA"), which requires the "timely presentation of a written claim and the rejection of the claim in whole or in part." <u>Mabe v. San Bernardino County, Dept. of Public Social Services</u>, 237 F.3d 1101, 1111 (9th Cir. 2001) (citations omitted); <u>see also</u> Cal. Govt Code §§ 910 <u>et seq.</u>  To proceed in this Court on any pendent state law negligence claim for medical malpractice, Plaintiff must allege or demonstrate compliance with the CTCA's claim presentation requirement.  <u>Mangold v. Cal. Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995) ("Where compliance with the [California] Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.") (internal quotation marks omitted); <u>State v. Superior Court (Bodde)</u>, 32 Cal. 4th 1234, 1239, 13 Cal. Rptr. 3d 534 (2004) (failure to "allege facts demonstrating or excusing compliance with the claim presentation requirement [of the CTCA] subjects a claim . . . to a demurrer for failure to state a cause of action").  Accordingly, any purported negligence claim for medical malpractice must be dismissed, with leave to amend.

**F.     The Complaint Fails To Satisfy The Notice Requirements Of Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Rule 8(e)(1) instructs that "[e]ach averment of

15

a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint. <u>United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff's Complaint does not comply with the standards of Rule 8. Plaintiff's vague claims fail to clearly identify the nature of his claim or claims, the specific incidents giving rise to each individual claim, and the specific Defendant (or Defendants) Plaintiff believes are liable for each of those claims. The Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement. See <u>Twombly</u>, 550 U.S. at 555. Accordingly, the Complaint is dismissed, with leave to amend.

**CONCLUSION**

If Plaintiff still wishes to pursue this action, he is granted fourteen (14) days from the date of this Memorandum and Order within which to file a First Amended Complaint, curing the defects in the Complaint described above. A First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint. The caption of any First Amended Complaint must identify all parties that Plaintiff is suing. Each page of the First Amended Complaint, including exhibits, must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations only to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached**.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A sample notice is attached to this order as well.**

The Clerk of the Court is directed to serve a copy of this Order on Plaintiff at his current address of record and on the Legal Department at Avenal State Prison.

DATED: January 15, 2013

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE